**Donald Wayne ROBERTSON**

v.

**RICHMOND, FREDERICKSBURG AND
POTOMAC RAILROAD COMPANY.**

**Civ. No. 1907.**

United States District Court
E. D. Virginia,
Alexandria Division.

Nov. 2, 1959.

A. Andrew Giangreco, Asst. U. S.
Atty., Alexandria, Va., for plaintiff.

Armistead L. Boothe, Alexandria, Va.,
for defendant.

ALBERT V. BRYAN, Chief Judge.

Donald Wayne Robertson, pursuant to
the provisions of the Universal Military
Training and Service Act, now asks the
court to require the Richmond, Fred-
ericksburg and Potomac Railroad Com-
pany to restore him to the position with
the Railroad he left when he was in-
ducted into the armed forces of the Unit-
ed States. 50 U.S.C.A.Appendix, § 451
et seq.[1] His application for reemploy-
ment was denied by the Railroad on the
ground that he had not met the two con-
ditions laid down by the Act:  (1) that
he did not receive from the Army a cer-
tificate of satisfactory completion of his
military training and service, and (2)
that he did not make application for re-
employment within ninety days after his
relief from such training and service.

Though scarcely in dispute, the facts
present a situation wherein the plaintiff

1. As pertinent, this Act provides in 459
(b) as follows:

"In the case of any such person who,
·in order to perform such training and
service, has left or leaves a position
(other than a temporary position) in the
employ of any employer and who (1) re-
ceives such certificate, and (2) makes
application for reemployment within nine-
ty days after he is relieved from such
training and service or from hospitaliza-

tion continuing after discharge for a
period of not more than one year—
      *      *      *      *      *
"(B) if such position was in the em-
ploy of a private employer,· such person
shall—
"(i) if still qualified to perform the du-
ties of such position, be restored by such
employer or his successor in interest to
such position or to a position of like
seniority, status, and pay;  *  *  *."

could not possibly meet both of these stipulations, because he did not receive the required certificate until more than 90 days after he was relieved from his military duties. Robertson had been in the permanent employ of the Railroad as a yard brakeman from April, 1955 until he was inducted into the Army of the United States on September 14, 1956. On April 18, 1958 he was released with a discharge other than honorable. Immediately he asked the Railroad for his old job. As his discharge did not qualify as a certificate of satisfactory completion of service, his request was refused by the Railroad. At once he instituted administrative proceedings for a reconsideration of his discharge and the award of one of a higher character. In this he was successful, but not until the early part of September, 1958, when he was issued a "General Discharge under Honorable Conditions". It was antedated to April 18, 1958 and spoke as of that date.

On September 9, 1958, after receipt of the new discharge, he again sought reinstatement with the Railroad. Although the discharge constituted a certificate of satisfactory completion of service, the Railroad still declined to accept him because more than 90 days had elapsed since his release from the Army. The Railroad felt it had no other alternative. It felt bound to protect the seniority of its other employees against loss in status through an unauthorized restoration of the plaintiff to his former standing.

The court is of the opinion that the plaintiff should have been accepted by the Railroad. The action of the Army upon review of plaintiff's initial discharge conclusively proves that the discharge was erroneous ab initio. This conclusion finds emphasis in the retroactiveness of the correction. The error was in no wise the plaintiff's. Moreover, although the correction was not made until the expiration of more than 90 days, the delay was attributable to the time consumed by the proceedings of the Army—something wholly beyond the plaintiff's control. On his part the prosecution was prompt and diligent.

In these circumstances the court is of the opinion that the 90-day statutory period should not be read to preclude the veteran from his reemployment rights. Nothing in the Act compels a different interpretation. Presentation of the certificate is not confined by the statute to this time limit. The application, once seasonably made, preserves the right of restoration until a final decision is made, in proceedings provided therefor by law, upon the kind of discharge to which the veteran is entitled. However, the employer must also receive the protection of the Act—both in its liability to compensate the employee and in its duty to safeguard the seniority of its other employees.

To these ends an order will be entered directing the defendant to reinstate the plaintiff to his prior position without loss of seniority, or to a position of like seniority, status and pay, and without liability for discharge except for cause within one year from his reinstatement. Also in accord with the Act, the order will entitle him to participate in insurance or other benefits offered by the Railroad under its rules and practices relating to employees on leave of absence in effect on September 14, 1956, the date of the plaintiff's induction.[2] But the restoration shall not be considered as effective until September 9, 1958, the date he first applied for reemployment after he was possessed of a qualified certificate. Therefore, the plaintiff will be held to have been on leave of absence from September 14, 1956 to September 9, 1958, and shall be compensated by the Railroad for loss of such wages and other benefits as he would have been entitled to receive had he been accepted for reemployment on September 9, 1958.

The United States Attorney, who represented the plaintiff, will present an order in accordance with these views, first submitting it to opposing counsel for

---

**2.** 50 U.S.C.A.Appendix, § 459(c) (1).

consideration as to form. At the trial the parties stipulated that the court should then hear and determine only the issue of the plaintiff's claim for reinstatement, and if he succeeded in that claim, the parties would endeavor to settle between them the amount of compensation due the plaintiff. This memorandum will be adopted as the findings of fact and conclusions of law of the court, and the order will continue the case for 60 days for agreement by the parties of the moneys to be awarded the plaintiff for wages etc., but in default of settlement in that period, a trial will be had by the court of the issue of the amount to be decreed the plaintiff.